IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KELLI RICHARDSON, )
)
     Plaintiff, )
)
  v. ) 1:05CV947
)
BRANCH BANKING AND TRUST )
COMPANY; BB&T INSURANCE )
SERVICES, INC.; BLUE RIDGE )
INSURANCE AGENCY, INC.; and )
WILLIAM CARR MCCASKILL, )
)
     Defendants. )

## ORDER

This matter is before the Court on an unopposed Motion to Dismiss [Document #5] and Amended Motion to Dismiss[1] [Document #6] filed by Defendant William Carr McCaskill ("McCaskill") as to several claims by Plaintiff Kelli Richardson ("Plaintiff"). Plaintiff brings her claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and state law claims for severe emotional distress. Plaintiff's Complaint alleges that she was exposed to a sexually hostile work environment in which a supervisor physically and verbally harassed Plaintiff and the harassment continued even after her numerous complaints to other company officials.

More specifically, Plaintiff's First Claim for Relief seeks damages from Defendant McCaskill, as well as each of the other Defendants, for violation of Title VII. Plaintiff's Second

---

[1] Defendant amends his Motion to Dismiss, as of right, to add an argument concerning Plaintiff's Claim 5 concerning negligent infliction of emotional distress. Fed. R. Civ. P. 15(a).

Claim for Relief seeks damages from Defendant McCaskill, as well as the other Defendants, for retaliation in violation of 42 U.S.C. § 1981. Plaintiff's Third Claim for Relief seeks damages from Defendant McCaskill, as well as the other Defendants, and appears to be a claim for punitive damages under 42 U.S.C. § 1981. Plaintiff's Fourth Claim for Relief seeks damages against Defendant McCaskill, as well as the other Defendants, for intentional infliction of emotional distress. Plaintiff's Fifth and final Claim for Relief seeks damages against Defendant McCaskill, as well as the other Defendants, for negligent infliction of emotional distress.

In response to this Complaint, Defendant McCaskill has filed a Motion to Dismiss Claims 1, 2, 3, and 5 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the Motion to Dismiss or the Amended Motion to Dismiss.

The Court has reviewed the Motion to Dismiss, and finds it to be well-taken. Defendant McCaskill is employed by BB&T Insurance Services, Inc. It is well established that individual officers, supervisors, and agents are not liable in their individual capacities for Title VII violations. See Lissau v. Southern Food Serv., 159 F.3d 177, 181 (4th Cir. 1998); Disher v. Weaver, 308 F. Supp. 2d 614, 623 (M.D.N.C. 2004). Therefore, as to Claim 1, Defendant McCaskill is not a proper party to this lawsuit, and the Court will grant Defendant McCaskill's Motion to Dismiss Count 1.

The Court notes that in Plaintiff's Complaint there is no allegation concerning racial discrimination. Section 1981 is directed at racial discrimination and does not create a cause of action for discrimination based upon sex or for sexual harassment. See Runyon v. McCrary, 427

2

U.S. 160, 167, 96 S. Ct. 2586, 2593 (1976); Wisconsin Nat'l Organization for Women v. Wisconsin, 417 F. Supp. 978, 981 (W.D. Wis. 1976); Carter v. Morris, No. 94-1220, 1994 WL 532866, at *1 n.2 (4th Cir. 1994). Therefore, as to Claim 2, Defendant McCaskill's Motion to Dismiss will be granted.

Plaintiff's Claim in Count 3 does not identify any statutory or common law basis for the damages requested therein. However, assuming Plaintiff is seeking to recover punitive damages under either Title VII or 42 U.S.C. § 1981 in this claim, the same analysis as applied above applies to this claim as it concerns Defendant McCaskill. Accordingly, as to Claim 3, Defendant McCaskill's Motion to Dismiss will be granted.

Plaintiff asserts two state law claims for infliction of emotional distress. Claim 4, against all Defendants, including Defendant McCaskill, is a claim for *intentional* infliction of emotional distress. Defendant McCaskill does not seek to dismiss this claim. However, Plaintiff also asserts a claim, that is, Claim 5, against all Defendants, including Defendant McCaskill, for *negligent* infliction of emotional distress. Defendant McCaskill asserts, and this Court agrees, that "acts of sexual harassment are 'inherently intentional,'" such that where a plaintiff's complaint only alleges "acts of discrimination that are intentional in nature . . . it is insufficient to state a claim for negligent infliction of emotional distress." Barbier v. Durham County Bd. of Educ., 225 F. Supp. 2d 617, 631 (M.D.N.C. 2002) (internal citation omitted). This Court has examined Plaintiff's Complaint as to references to Defendant McCaskill and concludes that it consists solely of allegations of intentional acts by Defendant McCaskill and not negligent acts.

3

Therefore, as to Claim 5, Defendant McCaskill's Motion to Dismiss will be granted.

IT IS THEREFORE ORDERED that Defendant McCaskill's Motion to Dismiss [Document #5] and Amended Motion to Dismiss [Document #6] are GRANTED, and Plaintiff's Claims 1, 2, 3, and 5 are DISMISSED against Defendant McCaskill. This case will proceed against the remaining Defendants as to all claims, and against Defendant McCaskill only as to Claim 4.

This, the 28th day of February, 2006.

_____
United States District Judge